UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10926-RWZ

| | |
|---|---|
| ADVANCED CABLE TIES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BAY STATE CABLE TIES, LLC and )<br>STEPHEN DALTON, )<br>)<br>Defendants. ) | JOINT STATEMENT<br>PURSUANT TO LOCAL RULE<br>16.1(D) |

Plaintiff, Advanced Cable Ties, Inc. ("ACT"), and Defendants, Bay State Cable Ties, LLC ("Bay State") and Stephen Dalton ("Dalton"), respectfully submit this Joint Statement pursuant to Local Rule 16.1(D) in preparation for the Court's Scheduling Conference set for June 16, 2005.

The Complaint seeks monetary damages against Defendants based on their alleged infringement of ACT's mark entitled ADVANCEDCABLETIE.COM, which Defendants registered in August 2000. Plaintiff contends this site was used to forward Internet users to Bay State's website. ACT submits that ADVANCEDCABLETIE.COM is identical and confusing similar to ACT's marks ADVANCED CABLE TIE, ADVANCED CABLE TIES and ADVANCEDCABLETIES.COM. ACT's marks have been in use in commerce for over ten (10) years and for at least six (6) years prior to Defendants' use of the mark ADVANCEDCABLETIE.COM. Further, Defendant Dalton was a former employee of ACT before he started his own business in competition with ACT in or about 2000.

On or about January 25, 2005, ACT filed a complaint against Bay State with the World Intellectual Property Organization ("WIPO") pursuant to the Uniform Domain Name Dispute

Resolution Policy ("UDRP"). The UDRP complaint was based on the same set of facts set forth herein and sought the transfer of the domain name to ACT. Immediately after service of the UDRP complaint upon Bay State, Bay State agreed to transfer the domain name to ACT. The domain name was transferred to ACT on March 21, 2005. Consequently, in terms of equitable relief, ACT already has possession of the disputed domain name and, further, Defendants have indicated that they would consent to an appropriately framed injunction against their use of ACT's marks, ADVANCED CABLE TIE, ADVANCED CABLE TIES and ADVANCEDCABLETIES.COM or any other variant or colorable imitation of the marks ADVANCED CABLE TIE, ADVANCED CABLE TIES and ADVANCEDCABLETIES.COM.

As a result of the foregoing, ACT believes that liability has been clearly established. Both parties agree that the primary and initial issue for discovery should be focused on determining and quantifying ACT's damages, if any, resulting from Defendants' conduct. Defendants contend that the disputed web site may have been registered in 2000, but it was not activated until late 2004 when a new web hosting company was retained. Even then, defendants state that they know of no actual diversions of traffic intended for ACT's official web site in the few months that the "misspelled" web site was active. Plaintiff seeks to test these claims through discovery. This initial discovery will provide the parties an opportunity to make a realistic assessment of their claims and defenses. As such, the parties believe that it is premature to set deadlines for the conclusion of discovery, the filing of motions and the commencement of trial. In short, ACT seeks to determine how many existing or potential customers "hit" Bay State's website through the domain name ADVANCEDCABLETIE.COM. This information can then lead to the determination of total sales that were generated from Defendants' activity, the dilution of ACT's marks, etc. Therefore, the parties request seven (7) months to conduct this

2

initial discovery, after which time, the parties request this Court schedule a status conference on January 17, 2006. At the status conference, the parties will submit reports on the status of discovery, the projected schedule for its completion, proposed deadlines for filing motions, and proposed dates for a pre-trial conference and trial. To the extent that it is necessary to propose a schedule at this time, the parties make the following proposal:

a. Rule 26(a)(1) initial disclosures shall be made on or before June 30, 2005. The production of documents identified in the parties' initial disclosures shall occur by July 18, 2005.

b. Each party shall serve initial Rule 34 Requests for documents on or before August 31, 2005. Each party shall serve its written responses thereto (including any objections), and produce responsive documents within the time required by Rule 34, unless an extended time is stipulated, but in any event no later than November 1, 2005. Additional document requests may be served at any time thereafter, and shall be answered within the time required by Rule 34 unless an extended time is stipulated.

c. ACT seeks to conduct the depositions of all hosting companies of Bay State's website(s) from August 2000 to April 2005. ACT does not have the names of hosting companies at this time and therefore requests to waive the limitation on the number of depositions until ACT can verify the number of hosting companies relevant to this matter.

d. On or before December 1, 2005, the parties shall exchange lists of all individuals they intend to depose, and shall confer and attempt to establish a schedule of times and locations for the taking of depositions that is mutually convenient to both parties. Further, the parties do not consent to have this case referred to a magistrate judge.

The certifications signed by counsel and authorized representatives of each party affirming that each party and that party's counsel have conferred as to the subjects identified in Local Rules 16.1(d)(3) are being filed separately.

The parties hereby state that they have conferred on the subjects outlined in Fed. R. Civ. P. 16 and 26, and Local Rule 16.1.

Respectfully Submitted,

ADVANCED CABLE TIES, INC.,
By its Attorney,

*Scott Sinrich*

Scott Sinrich, BBO# 31062
Phillips, Silver, Talman, Aframe & Sinrich, P.C.
340 Main Street, Suite 900
Worcester, MA 01608
(508) 754-6852

BAY STATE CABLE TIES, LLC and
STEPHEN DALTON,
By Their Attorney,

*Turner Smith*

Turner Smith, BBO #470340
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, New York 10178
(212) 696-6000


Dated:  June 13, 2005

4