UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10926-FDS

| | |
|---|---|
| **ADVANCED CABLE TIES, INC.,** ) | |
| ) | |
| Plaintiff, ) | **UPDATED STATEMENT** |
| ) | **PURSUANT TO LOCAL RULE** |
| v. ) | **16.1(D)** |
| ) | |
| **BAY STATE CABLE TIES, LLC and** ) | |
| **STEPHEN DALTON,** ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Advanced Cable Ties, Inc. ("ACT") respectfully submit this Statement pursuant to Local Rule 16.1(D) in preparation for the Court's Scheduling Conference set for April 3, 2006. Defendant Stephen Dalton ("Dalton") was a national sales manager for ACT and left his employment to start a competing business, Bay State Cable Ties, LLC ("Bay State"). This lawsuit concerns Dalton's actions on behalf of Bay State relative to bad faith competition and misappropriation of ACT's trademark.

The Complaint seeks monetary damages against Defendants based on their alleged infringement of ACT's mark entitled ADVANCEDCABLETIE.COM, which Defendants registered in August 2000. Plaintiff contends this site was used to forward Internet users to Bay State's website. ACT submits that ADVANCEDCABLETIE.COM is identical and confusing similar to ACT's marks ADVANCED CABLE TIE, ADVANCED CABLE TIES and ADVANCEDCABLETIES.COM. ACT's marks have been in use in commerce for over ten (10) years and for at least six (6) years prior to Defendants' use of the mark ADVANCEDCABLETIE.COM.

On or about January 25, 2005, ACT filed a complaint against Bay State with the World Intellectual Property Organization ("WIPO") pursuant to the Uniform Domain Name Dispute Resolution Policy ("UDRP"). The UDRP complaint was based on the same set of facts set forth herein and sought the transfer of the domain name to ACT. Immediately after service of the UDRP complaint upon Bay State, Bay State agreed to transfer the domain name to ACT. The domain name was transferred to ACT on March 21, 2005. Consequently, in terms of equitable relief, ACT now has possession of the disputed domain name and, further, Defendants have indicated that they would consent to an appropriately framed injunction against their use of ACT's marks, ADVANCED CABLE TIE, ADVANCED CABLE TIES and ADVANCEDCABLETIES.COM or any other variant or colorable imitation of the marks ADVANCED CABLE TIE, ADVANCED CABLE TIES and ADVANCEDCABLETIES.COM.

As a result of the foregoing, ACT believes that liability has been clearly established. ACT has conducted initial discovery focused on determining and quantifying ACT's damages resulting from Defendants' conduct. Defendants have provided limited answers to interrogatories and some documents in response to ACT's discovery requests. Despite the fact that Bay State undisputedly linked the domain name to its commercial website, Bay State conveniently denies using the name in commerce and generally denies "using" ACT's mark at all. See Defendant's Answers to Interrogatories No. 3, 15 and 23 attached as **Exhibit A**. Furthermore, Bay State's web hosts has not preserved records dating back to 2000. The web hosts apparently only keep three-month logs of data. Therefore, because of the forgoing limitations, ACT's actual damages cannot be accurately ascertained.

However, ACT asserts that Defendants' obvious unfair and deceptive acts and practices in violation of both state and federal laws, including M.G.L. c. 93A, the Lanham Act and the

Anticybersquatting Consumer Protection Act, permits ACT to recover its attorneys fees and costs incurred in recovering the domain name and bringing suit herein to determine its actual damages. ACT had an absolute good faith basis for filing suit, which was necessary to attempt to ascertain the customers and business misappropriated by Bay State by, in effect, stealing ACT's identity.

ACT sought to initiate discussion on the settlement of this case by letter to Defendants' counsel of March 13, 2006. See March 13th Letter attached as **Exhibit B**. However, Defendants' counsel failed to respond. ACT would be open to the Court's assistance in resolving this matter.

Defendants oppose payment of any legal fees or costs.

Therefore, ACT makes the following proposal for the remaining deadlines and court dates in this matter:

(a) Motions under F. R. Civ. P. 56 served and heard on or before October 2, 2006;

(b) Final Pre-Trial Conference held on November 2, 2006.

The Plaintiff has attempted to confirm with Defendants regarding subjects outlined in Fed. R. Civ. P. 16 and 26, and Local Rule 16.1.


Respectfully Submitted,

ADVANCED CABLE TIES, INC.,
By its Attorney,

_____
Scott Sinrich, BBO No. 551440
Jessica Godfrey, BBO No. 656337
Phillips, Silver, Talman, Aframe & Sinrich, P.C.
340 Main Street, Suite 900
Worcester, MA 01608
(508) 754-6852

## CERTIFICATE OF SERVICE

Worcester, ss.                                                                                               March 31, 2006

    I, Scott S. Sinrich, hereby certify that I served a copy of the within via first class mail postage prepaid and electronically to:

Turner Smith, Esq.
101 Park Avenue
New York, New York 10178

being counsel of record for Defendants.

_____
Scott S. Sinrich

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
------------------------------------X
ADVANCED CABLE TIES, INC.,           :      Civil Action No. 05-10926-FDS
            Plaintiff,               :
    -against-                        :
BAY STATE CABLE TIES, LLC and        :
STEPHEN DALTON,                      :
            Defendants.              :
------------------------------------X

## STEPHEN DALTON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES

Defendant Stephen Dalton, by his undersigned attorneys, makes the following responses and objections to Plaintiff's Interrogatories propounded on Defendant Stephen Dalton.

### Interrogatory No. 1

Please state your full name, residential address, social security number, occupation, current employer, employer's address and authority to answer these Interrogatories on behalf of Defendant.

RESPONSE

>  Stephen Dalton
>  c/o Bay State Cable Ties
>  5680 John Givens Road
>  Crestview, Florida  32539

### Interrogatory No. 2

Please identify every individual who assisted you in answering the within interrogatories or production of document requests including their name, occupation, employer, employer's address and detail the information and/or documents they provided to you.

RESPONSE

These responses were prepared in collaboration with Turner P. Smith of the law firm Curtis, Mallet-Prevost, Colt & Mosle LLP.

2539230v1

### Interrogatory No. 3

Identify and any all ADVANCED CABLE TIE marks, or any version thereof, ever used by you.

RESPONSE

Defendant registered a domain name using the words "advancedcabletie" on August 16, 2000. Defendant did not use this name in commerce and disputes that it constitutes the "use" of the mark ADVANCED CABLE TIE.

### Interrogatory No. 4

Identify the exact nature of your usage of each ADVANCED CABLE TIE mark identified in the previous Interrogatory, whether currently or in the past, including without limitation, a specific description of the manner and purpose of each said usages, and the geographical extent of such usage.

RESPONSE

Defendant registered the domain name "advancedcabletie.com" on August 16, 2000. No domain server was designated at that time. The name was pointed solely to www.register.com, and remained in that configuration for the ensuing four years.

On July 30, 2004, Bay State Cable Ties retained a company known as iMarc to host its active websites. In that process, iMarc took over hosting the domain name "advancedcabletie.com". However, the domain name server designated for that name did not point to an active site associated with defendants until on or about September 20, 2004.

On March 21, 2005, the domain name "advancedcabletie.com" was transferred to plaintiff.

### Interrogatory No. 5

Identify each and every advertisement, solicitation any/or other promotional material you are aware of that refers to any and all ADVANCED CABLE TIE marks, or any version thereof, since January 1, 2000.

RESPONSE

None.

### Interrogatory No. 6

Identify all individuals who are in any way associated or affiliated with you, who have or have had any input whatsoever in selecting any and all ADVANCED CABLE TIE marks or any version thereof and/or in directing the manner in which any and all ADVANCED CABLE TIE marks or any version thereof has been used in advertisements and promotional materials.

RESPONSE

None.

### Interrogatory No. 7

For each individual identified in the previous Interrogatory, specify that individual's role in such activities.

RESPONSE

None.

### Interrogatory No. 8

Identify all searches and/or investigations conducted or caused to be conducted, or any opinions received by you, on a formal or informal basis, concerning availability and possible conflicts arising out of your usage or adoption of any and all ADVANCED CABLE TIE marks or any version thereof in connection with any goods or services.

RESPONSE

None.

### Interrogatory No. 9

Identify all Internet Domain Names you own or owned within the last 10 years. Please include the date each domain name was registered, the individual or entity who registered the domain name, the dates of ownership, and, if not currently owned, the reason therefore.

RESPONSE

With respect to the domain "advancedcabletie.com", see response to Interrogatory No. 4 above. Defendants object to this interrogatory to the extent it requests information

2539230v1            −3−

concerning any other domain name not using the words "advanced cable tie" or words similar to these.

### Interrogatory No. 10

For each Internet Domain Name identified in the previous interrogatory, please identify each and every hosting company associated with each such domain name.

RESPONSE

Defendants have engaged only two hosting companies – Figure Seven and iMarc – in connection with websites and domain names registered to defendants.

### Interrogatory No. 11

Please describe all names or marks associated with you in the last ten (10) years.

RESPONSE

See response to Interrogatory No. 9 and the objection asserted therein.

### Interrogatory No. 12

Please set forth in detail the reasons you registered and used the domain name "advancedcabletie.com".

RESPONSE

Defendants registered the name for possible use in connection with an unrealized business venture involving the manufacture or sale of a kind of handcuff.

### Interrogatory No. 13

What date was www.advancedcabletie.com initially registered?

RESPONSE

August 16, 2000.

### Interrogatory No. 14

Describe in detail all actions that ever occurred relating to the control or ownership of the domain name "advancedcabletie.com," including purpose of initial use and modifications to its use, such as setting up domain name forwarding or linking to a website.

RESPONSE

See response to Interrogatory No. 4.

### Interrogatory No. 15

Please state whether you have used the domain name, advancedcabletie.com, for any purpose aside from redirection to planetcableties.com? If so, please describe that purpose in detail.

RESPONSE

The name "advancedcabletie.com" has not been "used" for any purpose, including the alleged purpose of redirection to planetcableties.com.

### Interrogatory No. 16

Identify and describe all communication, whether oral or written, between you and any registrar of the domain name "advancedcabletie.com," from January 1, 1997 to the present.

RESPONSE

None apart from communications after the filing of the complaint in connection with the parties' efforts to exchange information relevant to plaintiff's assessment of the potential quantum of damages.

### Interrogatory No. 17

Identify and describe all communication, whether oral or written, between you and Plaintiff from January 1, 1997 to the present.

RESPONSE

See Exhibit 6 to the complaint.

### Interrogatory No. 18

Identify all states in which you have sold or shipped goods and/or have rendered services under or in connection with any and all ADVANCED CABLE TIE marks or any version thereof.

RESPONSE

None.

2539230v1     —5—

### Interrogatory No. 19

State the annual dollar revenue derived by you for all products or services sold under or in connection with any and all ADVANCED CABLE TIE marks or any version thereof for each year to date.

RESPONSE

    None.

### Interrogatory No. 20

Identify by name and address all customers to whom you provided products or services sold under or in connection with any and all ADVANCED CABLE TIE marks or any version thereof from August 2000 through the present.

RESPONSE

    None.

### Interrogatory No. 21

For each customer identified in your answer to Interrogatory No. 20, for the period of August 2000 through the present, identify the product or service sold to each customer, the quantity sold and the dollar value of the product or service.

RESPONSE

    None.

### Interrogatory No. 22

For each customer identified in your answer to Interrogatory No. 20, identify the method of acquiring that customer, e.g. whether the customer made initial contact by our website, whether the customer made initial contact by phone, whether the customer had a prior relationship with you, etc.

RESPONSE

    None.

### Interrogatory No. 23

Identify by name and address all customers to whom you provided products or services from August 2000 through the present.

## RESPONSE

Defendant objects to this interrogatory to the extent it calls for information about products or services delivered in connection with any business, mark or domain name other than the mark and domain name in suit. In connection with the domain name advancedcabletie.com, defendant has provided no products or services to any customer.

### Interrogatory No. 24

For each customer identified in your answer to Interrogatory No. 23, for the period of August 2000 through the present, identify the product or service sold to each customer, the quantity sold and the dollar value of the product or service.

## RESPONSE

See response and objection to Interrogatory No. 23.

### Interrogatory No. 25

If you intend to call an expert at the trial of this case, set forth the following:

a. The name and address of each such expert;
b. The subject matter on which each expert is expected to testify;
c. The substance of the facts and opinions to which each expert is expected to testify; and
d. A summary of the grounds for each opinion as to each expert.
e. Copy of all reports and letters of opinion issued by each said expert.
f. A complete summary of all documents statements, physical evidence, text, treatises, and background materials, and other materials or evidence produced to each said expert or utilized by each said expert in rendering an opinion, preparing a report, or concerning each expert's expected testimony.

2539230v1

—7—

**RESPONSE**

No expert has been identified at this time.

New York, New York
December 5, 2005

                        CURTIS, MALLET-PREVOST,
                          COLT & MOSLE LLP

By: _____
     Turner P. Smith  #470340
101 Park Avenue
New York, New York 10178
(212) 696-6000

Attorneys for Defendants

TO:   Jessica Godfrey, Esq.
       Phillips, Silver, Talman, Aframe
        & Sinrich, P.C.
       340 Main Street, Suite 900
       Worcester, MA 01608
       (508) 754-6852

STATE OF FLORIDA       )
                       ) ss.
COUNTY OF OKALOOSA     )

## VERIFICATION

STEPHEN DALTON, being duly sworn, deposes and says:

That I am Defendant in the above-captioned case.

That I have read these Responses and Objections to Plaintiff's Interrogatories.

That the statements contained therein are true to my knowledge, except as to those matters where I relied upon information and belief, and that as to those matters, I believe them to be true.

_____
STEPHEN DALTON

Sworn to before me this 5th
day of December, 2005.

_____
Notary Public

235734v4

# EXHIBIT B



# PHILLIPS, SILVER, TALMAN, AFRAME & SINRICH, P.C.

| | LAW OFFICES | |
|---|---|---|
| DAVID A. TALMAN | 340 MAIN STREET, SUITE 900 | SUMNER SILVER |
| JAY Z. AFRAME | WORCESTER, MASSACHUSETTS 01608-1695 | OF COUNSEL |
| SCOTT S. SINRICH | | JAMES J. PHILLIPS |
| ERIN BRADBURY | TELEPHONE (508) 754-6852 | OF COUNSEL |
| JESSICA GODFREY | FACSIMILE (508) 754-1944 | |
| JENNIFER C. GATELY | | |

March 13, 2006

*VIA FACSIMILE (212-697-1559 – 1 page) and U.S. Mail*

Turner P. Smith, Esq.
Curtis, Mallet-Prevost, Colt & Mosle, LLP
101 Park Avenue
New York, New York 10178

  Re: <u>Advanced Cable Ties, Inc. v. Bay State Cable Ties, LLC, et al.</u>
     Worcester Superior Court, Civil Action No.: WOCV2005-0582A

Dear Attorney Smith:

  Please accept this letter for SETTLEMENT PURPOSES ONLY.

  As you know, the plaintiff claims that the defendants infringed its trademark by registering and using the plaintiff's mark, Advanced Cable Tie. The liability of the defendant is unquestionable. Because of the defendants' unfair, deceptive and bad faith practices, the plaintiff had no option other than to file suit to determine the extent of the potential damage caused by the defendants. Under Massachusetts law, the defendant is liable for the plaintiff's attorneys fees and costs. Therefore, at this time, we extend an offer to settle this matter for $16,000 representing those expenses. This offer is open until 5:00 p.m. on Thursday, March 16, 2006.

             Very truly yours,

             Scott Sinrich

cc: Advanced Cable Ties, Inc.